UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Martin Famatiga and Heather
Kerchen-Famatiga,

    Plaintiffs,

v.                                Case No. 10-10937

Mortgage Electronic Registration       Honorable Sean F. Cox
Systems, Inc. (MERS), *et al.*,

    Defendants.
_____/

## ORDER REMANDING STATE-LAW CLAIMS TO STATE COURT

Plaintiffs filed this action in Livingston County Circuit Court alleging the following claims against Defendants: "Quiet Title Against All Defendants" (Count I); "Wrongful Foreclosure" (Count II)[1]; "Fraud/Misrepresentation" (Count III); "Predatory Lending and UDAP" (Count IV); "Violations of Michigan Consumer Protection Act" (Count V); "Violations of the Mortgage Brokers, Lenders, and Servicers Licensing Act" (Count VI); "Truth in Lending Act Violations" (Count VI); "Violations of Home Ownership Equity Protection Act" (Count VII); "Violations of Real Estate Settlement Procedures Act" (Count VIII); "Violation of Fair Debt Collection Procedures Act" (Count IX); "Breach of Fiduciary Duty" (Count X); "Violation of Equal Credit Opportunity Act" (Count XI); and "For Declaratory and Injunctive Relief" (Count XII)

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") removed the action

---

[1] Plaintiffs' complaint erroneously numbered both the quiet title and wrongful foreclosure claims as Count I.

to this Court, asserting federal question jurisdiction.

Although this Court has federal question jurisdiction over Counts VI, VII, VIII, IX and XI, the remaining counts are based on state law.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed the state law claims in Plaintiffs' complaint, this Court concludes that Plaintiffs' state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiffs' federal claim were presented to a jury along with Plaintiffs' state-law claims. Thus, the potential for jury confusion is yet another reasons for this Court to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, **IT IS ORDERED** that Counts I, II, III, IV, V, X and XII of Plaintiffs'

Complaint are hereby **REMANDED** to Livingston County Circuit Court.

    **IT IS SO ORDERED**.

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated:  March 25, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2010, by electronic and/or ordinary mail.

                                      S/Jennifer Hernandez
                                      Case Manager